IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTINE ANGEL JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRIS OROZCO, Captain for the Caddo )<br>Police Department; RONNIE ALDRADGE,[1] )<br>Owner at Salvage City Tow Company; and )<br>CADDO POLICE DEPARTMENT, )<br>)<br>Defendants. ) | Case No. CIV-25-00110-JD |

## ORDER

Before the Court is Defendants Chris Orozco and Caddo Police Department's (collectively "Defendants") Motion for Transfer of Venue. [Doc. No. 11]. Plaintiff Justine Angel Jackson ("Plaintiff") did not timely respond. *See* LCvR7.1(g). Defendants also filed an Amended Motion to Dismiss [Doc. No. 10], requesting dismissal based upon improper venue. Plaintiff filed an Affidavit of Truth [Doc. No. 13], and Defendants filed a reply to Plaintiff's Affidavit of Truth [Doc. No. 14]. Recently, Plaintiff filed her own motion to transfer venue. [Doc. No. 15]. For the reasons outlined below, the Court grants Defendants' Motion for Transfer of Venue and transfers this action to the United States District Court for the Eastern District of Oklahoma.

---

[1] The name of this Defendant is spelled various ways by Plaintiff, "Ronnie Aldradge" and "Ronnie Aldrige" in the Complaint [*see* Doc. No. 1 at 1, 2], and "Ronnie Aldridge" in later filings [*see* Doc. Nos. 15, 16].

I.   **BACKGROUND**

Plaintiff, proceeding pro se, initiated this case based upon events that occurred in Bryan County, Oklahoma.[2] [Doc. No. 1 at 4]. Plaintiff named three Defendants, each of whom resides in Bryan County. [*Id.* at 1–2]. Bryan County is located in the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). Defendants have moved to dismiss Plaintiff's claims for improper venue, or alternatively, to transfer this case to the Eastern District of Oklahoma. [*See* Doc. Nos. 10, 11].

II.  **ANALYSIS**

"'[V]enue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). Venue for this case is "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Id.* § 1391(b)(1)–(2). Venue in this case is, therefore, proper in the Eastern District of Oklahoma because that is where the events giving rise to this lawsuit occurred and where each Defendant resides.[3] *See id.* § 1391(b).

---

[2] Plaintiff's Complaint references events that occurred in Caddo, Oklahoma, which is in Bryan County. The Complaint lists Defendant Ronnie Aldridge's address as in Durant, Oklahoma, which is also in Bryan County. [Doc. No. 1 at 2, 4–5].

[3] The Court bases this determination on the events as described in Plaintiff's Complaint, which only references events that occurred in Bryan County, Oklahoma. [*See* Doc. No. 1 at 4–5].

When venue is improper, as it is here, the Court may dismiss the case, or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* § 1406. "[T]he decision of whether to dismiss or transfer lies within the sound discretion of the district court." *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998). In this case, the Court finds that transferring the case to cure the defect in venue serves the interest of justice.

### III. CONCLUSION

The Court, therefore, **GRANTS** Defendants' Motion for Transfer of Venue and **DENIES** Defendants' Amended Motion to Dismiss for improper venue. The Court denies Plaintiff's motion [Doc. No. 15], which is not fully briefed, as moot considering the Court's venue transfer based upon granting Defendants' Motion for Transfer.

Under 28 U.S.C. § 1406, the Court **TRANSFERS** this action to the United States District Court for the Eastern District of Oklahoma. The Court leaves Plaintiff's recent filings [Doc. Nos. 16, 17], which are not fully briefed, for any necessary resolution by the Eastern District of Oklahoma.

IT IS SO ORDERED this 29th day of April 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE